IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RONALD BLALOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:23-CV-14 (MTT) |
| | ) |
| PACIFIC LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER**

On July 9, 2024, the Court granted defendant Pacific Life Insurance Company's motion for summary on plaintiff Ronald Blalock's bad faith claim and denied it as to his breach of contract claim.  Doc. 43.  Blalock now moves for reconsideration of the Court's Order as to his bad faith claim.  Doc. 45.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

According to Blalock, reconsideration of the Court's Order as to his bad faith claim is warranted because Pacific Life "intentionally" drafted "contradictory and vague underwriting guidelines … to avoid paying death claims during the first two years of a policy."  Doc. 45 at 2, 4.  But there is no evidence of this type of deliberate conduct.[1]  Rather, Blalock suggests that its conclusion can be inferred from Pacific Life's failure to "provide objective criteria."[2]  *Id*. at 4-5.  However, as the Court explained in its Order, although "Pacific Life's underwriting guidelines are not a model of clarity," the truth of the matter is that Jimmie Long provided misrepresentations in his applications regarding his excessive drinking and Pacific Life had reasonable grounds to contest Blalock's claim.  Doc. 43 at 17-18, 26.

Because Blalock has failed to show that the Court made a clear error in its Order (Doc. 43), his motion for reconsideration (Doc. 45) is **DENIED**.

**SO ORDERED**, this 30th day of July, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Blalock implicitly references his expert Vera Dolan's opinion as to whether Pacific Life acted in bad faith, even though the Court expressly noted at the motions hearing that Dolan could not "testify with regard to bad faith."  Docs. 42 at 74:5; 45 at 5 ("If the jury agrees with Ms. Dolan, they will likely find that Pac Life misstated what is in its guidelines and that it followed those guidelines in order to save $2 million.").

[2] Blalock suggests Pacific Life could use its guidelines to rescind a policy based on an insured's undisclosed "'alcohol abuse' in college or at a bachelor party 20-30 years earlier."  Doc. 45 at 4.  But the misrepresentations here concern alcohol use ten years prior to the insured's application.  Doc. 43 at 2.